(101 App. Div. 330)

## BARRINGER v. UNITED TRACTION CO.*

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. STREET RAILROAD—PERSONAL INJURY—PERSON DRIVING ALONG TRACK—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.

It cannot be said, as a matter of law, that the failure of a person driving on a street on which there is a street car track to leave the track, when not warned of an approaching car, constitutes such contributory negligence as would defeat his action for injuries sustained through the negligence of the motorman in running him down without warning, though the conditions were such that the injured person, by having driven nearer the curb, could have avoided the accident.

Parker, P. J., and Chester, J., dissenting.

Appeal from Rensselaer County Court.

Action by Charles E. Barringer against the United Traction Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The plaintiff was driving in a one-horse open wagon, going west, on the south side of Congress street, in the city of Troy. The defendant's car was going in the same direction, upon a single track, which ran through such street. The plaintiff drove for some 600 feet along such track, and about 1 foot from the rail. He looked behind him to see if any car was coming just after he crossed Second street, and saw a car about half a block or more away. Could not tell whether it was standing still or was coming. Did not pay enough attention to notice. After that he drove to within 20 feet of First street, without again looking backward, and then the wagon was struck by the car, which came up behind him, and he was thrown backward into the wagon and injured. The wagon was going slowly, and did not at any time get upon the track. It seems to have continued to travel about a foot from the rail all that distance. It was about 12 or 14 feet from the south rail to the curb on the south side of Congress street, giving plaintiff ample room in which to drive free of the track. It was a paved street, level, and perfectly clear of any obstruction at that time. The distance from First street east to Second was about 300 feet, and the distance from Second street east to where he saw the car when he looked back was about 200 feet. The car was an open one, and as it approached the wagon from behind no bell was rung or other signal given. The accident occurred on July 6, 1903, at about 10 to 11 o'clock a. m. This action is brought to recover for the injuries thus sustained by the plaintiff, and such are the substantial facts upon which the recovery was had. It was tried in the Troy City Court without a jury. At the close of the plaintiff's evidence the defendant moved for a nonsuit, which was refused. The defendant offered no evidence, and the justice thereupon rendered judgment against defendant for $278.20 damages and costs. The defendant appealed to the County Court, where the judgment was affirmed, and from such judgment of affirmance this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Patrick C. Dugan, for appellant.
James V. Coffey, for respondent.

¶ 1. See Street Railroads, vol. 44, Cent. Dig. §§ 212, 213.
*For dissenting opinion, see 91 N. Y. Supp. 998.

PER CURIAM.   The right of a street car upon that part of the street upon which are its tracks has been called a paramount right. It is not an exclusive right.   Those driving horses upon the street have a right to the use of the whole street, subject only to the paramount right of the street car company, where the use of a particular part of the street is sought by both at the same time.   If a driver were bound to avoid the center of the street, where were the tracks of the company, whenever a car was in sight, it would be a serious limitation upon his right to use the street, and, in a city of the size of Troy, where cars run frequently, would well-nigh exclude him from the use of that part of the street.   If, when driving upon the track, he leaves the track when warned by a signal from the motorman of the car that the track is needed for his car, we think he has done all that is necessary in recognition of the paramount right of the car to the use of that part of the street.   At least, it cannot be said, as matter of law, that his failure to leave the track when not warned constitutes such contributory negligence as would defeat his action for injuries sustained through the negligence of the motorman in running him down without warning.   The judgment should be affirmed.

Judgment affirmed, with costs.

PARKER, P. J., and CHESTER, J., dissent.